# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

NATHAN CAUDILL, and RODNEY )
SMITH, for themselves and on behalf of )
themselves and other similarly situated )
persons, )
                                            )
      Plaintiffs, )
                                            )
      v. )      CAUSE NO.: 1:15-CV-263-TLS
                                            )
OFFICER HAYES, *et al.*, )
                                            )
      Defendants. )

# OPINION AND ORDER

Plaintiffs Nathan Caudill and Rodney Smith, on behalf of themselves and others similarly situated, bring this class action against Defendants Superintendent Mark Sevier, Assistant Superintendent Andrew Pazera, Assistant Superintendent George Payne, Internal Affairs (I.A.) Officer Hayes, Officer Chuck Weiland, Captain Reeves, Captain Robinson, Sargent Burris, Lieutenant Creasy, Lieutenant Herr, Officer Horn, I.A. Officer Carr, I.A. Officer Wiley, Captain D. Reagle, Officer H. Scott, Officer P. Lowe, Officer J. Marshall, Officer J. Morgan, Officer R. Sterling, Officer S. Green, Sargent J. Keininger, Officer D. Nettifee, Officer J. Englehardt, Officer M. Clotheir, Officer C. Stoll, Officer J. Schock, Officer D. Kropezynski, Officer N. Terry-Fielke, Officer M. Houston, Officer J. Engle, Chairman C.J. Vorner, I.A. Officer Whelan, and Administrator Mchorn, asserting, through 42 U.S.C. § 1983, a violation of their Eighth Amendment right to be free from cruel and unusual punishment, and their Fourteenth Amendment right to due process. (*See* Compl., ECF No. 21.) This matter is before the Court on the Plaintiffs' Motion to Certify Class [ECF No. 78], filed on March 31, 2017. The Defendants responded on April 28, 2017 [ECF No. 87], and the Plaintiffs replied on May 12, 2017 [ECF No.

88]. Subsequently, the Defendants sought leave to file a sur-reply brief [ECF No. 103-1] on September 19, 2017, and the Plaintiffs filed a sur-reply response on September 26, 2017 [ECF No. 107]. For the reasons stated herein, the Court denies class certification.

## BACKGROUND

On October 7, 2013, the Plaintiffs were housed in the General Services Complex in the Westville Correctional Facility, located in LaPorte County, Indiana. (Pls' Br. in Supp. of Class Certification 2, ECF No. 79; Defs' Resp. 2, ECF No. 87.) The Plaintiffs were affiliated with Caucasian prison gangs, one of them called the "Aryan Brotherhood." (*Id.*) On October 7, 2013, as a result of violence between Caucasian and African American inmates, the two inmate populations were segregated by prison staff. (*Id.*) Caucasian inmates affiliated with white prison gangs were taken to the prison gym, where they were housed overnight. (Pls' Br. in Supp. of Class Certification 2–3.) The Plaintiffs allege that the following day, they warned the Defendants of the likelihood of continued attacks if they were sent back to their dorms. (*Id.* at 3; Defs' Resp. 2.) Nevertheless, the Plaintiffs contend that the Defendants forced them out of segregation and back into their dorms where they were then attacked and injured numerous times by African American inmates, as well as by the Defendants themselves, which the Plaintiffs contend was excessive and unreasonable. (Pls' Br. in Supp. of Class Certification 3; Compl. ¶¶ 11–14.) Following the injuries, the Plaintiffs allege they did not receive adequate medical treatment. (Compl. ¶ 15.)

Accordingly, the Plaintiffs seek compensatory damages, declaratory and injunctive relief, punitive damages, and reasonable attorneys' fees and costs available under 42 U.S.C. §§ 1983

and 1988. At issue here, the Plaintiffs also seek certification of a class related to the claims set forth in the Complaint.

## LEGAL STANDARD

Certification of a class is proper only if the class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Rule 23(a) is satisfied if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012). If all of these prerequisites are met, the Court must also find that at least one of the subsections of Rule 23(b) is satisfied. As relevant here, Rule 23(b)(3) is satisfied if:

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 513 (7th Cir. 2009).

A plaintiff who fulfills both conditions of Rule 23 is entitled to class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."). However, Rule 23 "does not set forth a mere pleading standard"; rather, a plaintiff "must affirmatively demonstrate his compliance with the Rule [and] be prepared to prove" its requirements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Importantly, "the party seeking class certification assumes the burden of demonstrating that certification is appropriate." *Retired Chicago Police Ass'n v. City of Chi.*, 7 F.3d 584 (7th Cir. 1993) (citing *Trotter v. Klincar*, 748 F.3d 1177 (7th Cir. 1984)). The Seventh Circuit has held that a class must be sufficiently defined so that the class is identifiable. *All. to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). *See also Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) ("It is axiomatic that for a class action to be certified, a 'class' must exist."); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

Ultimately, in deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis" by making the necessary factual and legal inquiries. *Id.*; *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). This analysis may require some overlap with the merits of the Plaintiff's underlying claim. *Dukes*, 564 U.S. at 351.

## ANALYSIS

The Plaintiffs seek to certify a class of individuals defined as the following:

> Inmates incarcerated in the General Services Complex of the Westville Correctional Facility who on October 8, 2013, were repeatedly forced into their assigned dorms by the Defendants, in spite of the known imminent danger of attack, and whom, as a result, were attacked by fellow inmates and then prison personnel responding to the attacks, thereby subjecting the inmates to cruel and unusual

punishment in violation of their rights under the Eighth Amendment and 42 U.S.C. § 1983.

The inmates that were forced back into their dorms were then subjected to a denial of adequate medical care for their injuries and unjustified disciplinary action for the attack that they themselves suffered, in violation of their Eighth Amendment right to be free from cruel and unusual punishment and their Fourteenth Amendment right to due Process.

The Plaintiffs assert that this class satisfies the requirements of Rule 23(a)(1)–(4) with respect to numerosity, commonality, typicality, and adequacy of representation, and also satisfies Rule 23(b)(1)(3).

The Defendants argue that the Plaintiffs' class definition is not adequately identifiable because it requires highly individualized inquiries regarding the merits of each potential member's claim. Moreover, the Defendants argue that the Plaintiffs' proposed class is a "fail-safe class." These classes "are defined in terms of success on the merits," where membership in the class depends upon the liability of the defendant(s). *Mullins v. Direct Digital LLC*, 795 F.3d 654, 660 (7th Cir. 2015). In other words, in a fail-safe class, "a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Id.* Thus, fail-safe classes "are not properly defined." *Id.*

The Court agrees with the Defendants. First, the Plaintiffs begin by defining the class as those members who were "forced into their assigned dorms by the Defendants, in spite of the known imminent danger of the attack" and "whom as a result were attacked by fellow inmates and then prison personnel," "thereby subjecting the inmates to cruel and unusual punishment in violation of their rights under the Eight Amendment and 42 U.S.C. § 1983." (Pls'. Mot. for Class Certification 1, ECF No. 78). Thus, in order to become a class member, the Court must first hold that the harm suffered by a putative member resulted in a violation of his Eighth Amendment rights prior to his acceptance as a class member. In other words, the Court must decide the merits

of each individual's claim prior to his acceptance in the class. Courts have repeatedly held that this sort of individualized determination requires denial of a motion to certify a class. *See e.g.*, *Noon v. Sailor*, No. NA99-0056-C-H/G, 2000 WL 684274, at *4 (S.D. Ind. Mar. 14, 2000) ("The problem with this proposed class definition is that the court could not determine whether any individual was a member of the class without hearing evidence on what would amount to the merits of each person's claim. Where that type of inquiry is needed to determine whether a person is a member of a class, the proposed class action is unmanageable virtually by definition."); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification where determining class membership would require individualized determination on the merits of the claim); *Ind. State Employees Ass'n v. Ind. State Highway Comm'n*, 78 F.R.D. 724, 725 (S.D. Ind. 1978) (denying class certification where "it would be impossible for the Court to ascertain whether or not a given person is a member of the class until a determination of ultimate liability as to that person is made").

Similarly, the Plaintiffs seek to include class members as inmates, "that were forced back into their dorms," "then were subjected to a denial of adequate medical care for their injuries," and "unjustified disciplinary action," in violation of their Eighth Amendment and Fourteenth Amendment rights. (Pls' Mot. for Class Certification 1–2.) Again, the Court would have to conduct an individualized analysis to determine if an inmate was forced back into his dorm (and did not return for another reason, for example), was subjected to a denial of adequate medical care (a legal determination), and was disciplined in an unjustified manner (another legal determination). The Court would thus have to determine the merits of each member's claim—essentially, a trial on the merits—that he suffered an unjustified disciplinary action rising to the level of a violation of his constitutional rights, prior to accepting him as a class member. *Noon*,

6

2000 WL 684274, at *5 ("The plaintiffs' proposed class definition would require an individualized inquiry in each person's case . . . . That determination could not be made without hearing evidence on the circumstances of each person[] . . . . essentially, a trial on the merits.").

This is a far cry from class actions where the Plaintiffs successfully sought to certify a class of members "who took FMLA leave at [a specified time period] and whose annual allotment of [paid time off] was adversely affected by taking such leave," *Carrel v. MedPro Grp., Inc.*, No. 1:16-CV-130, 2017 WL 1488359, at *11 (N.D. Ind. Apr. 26, 2017), or "who [in a specified time period] were arrested without a warrant and detained in [jail] . . . [and] did not [] receive a judicial determination of probable cause within 48 hours of arrest . . . ." *Donovan v. St. Joseph Cty. Sheriff*, No. 3:11-CV-133, 2012 WL 1601314, at *9 (N.D. Ind. May 3, 2012). In these classes, membership was a result of a common underlying policy and was not otherwise contingent on individualized inquiries that required the Court to determine class membership based upon the merits of each individual's claim. Here, before even becoming a class member, the individual must have suffered harm to the extent that it violated his Eighth Amendment rights.

Accordingly, the Court finds that parsing out whether each class member was forced into their respective dorms on that day, was attacked either by other inmates, the guards, or both, was harmed as a result of the Defendants' specific actions, and was harmed in a manner that rises to the level of cruel and unusual punishment requires significant individualized analysis, specifically because the class definition is that of a "fail-safe" class. "Because highly individualized inquiries would be needed both to determine whether a person is a member of the proposed class and to determine damages, the Court finds that a class action is not superior to other methods of resolving the matters in controversy." *Noon*, 2000 WL 684247, at *5. *See also*

7

*Kenro*, 962 F. Supp. at 1169 ("Because [the] class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had [partaken in the requisite act, the movant] has failed to meet the requirements of Rule 23(a).").

Because the Plaintiffs have failed to satisfy the requisite elements Rule 23(a) for class certification, the Court declines to address the remaining arguments against class certification, as these issues are now moot.

## CONCLUSION

For the above reasons, the Court DENIES the Plaintiff's Motion for Class Certification [ECF No. 78].

SO ORDERED on October 30, 2017.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT